**Reynoldo PINON–GOMEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70162.

INS No. A72–131–978.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Reynoldo Pinon–Gomez, a native and citizen of the Philippines, petitions pro se for review of the final decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c)(1), *see Avetova–Elisseva*

---

*v.. INS,* 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We review for substantial evidence the BIA's finding that Pinon–Gomez is ineligible for asylum and withholding of deportation, *see Rivera–Moreno v. INS,* 213 F.3d 481, 485 (9th Cir.2000), and we deny the petition for review.

Because the record does not compel the conclusion that Pinon–Gomez has a well-founded fear of future persecution, substantial evidence supports the BIA's conclusion that Pinon–Gomez failed to establish eligibility for asylum. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995).

Because Pinon–Gomez failed to establish eligibility for asylum, he also necessarily failed to establish eligibility for withholding of deportation. *See id.* at 1429.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.